## JOHN WESTERMAN *v.* GOTTLIEB LETTERLE, &C.

**Pleadings—Guardians and Ward—Right to Bring Action.**

A petition by a ward to ascertain how funds were being held by a guardian, what disposition had been made of the same, the amount due each ward, and to enforce payment, held, sufficient allegations to authority bringing the action, and uphold a judgment for the true amount when ascertained, against the guardian and his sureties.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

June 26, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

The ground mainly relied upon for a reversal of the judgment in this case is that it was not authorized by the pleadings.

The petition charges that a portion of the money or funds which came to the hands of Billings as administrator he had charged himself with as guardian of plaintiffs and the balance he still retained as administrator of the father of plaintiffs, but that they had no means of ascertaining the respective amounts.

It is certainly true according to the evidence that the portion

of the funds to which appellee John M. Letterle was entitled, Billings held as administrator, for it does not appear that he ever had a guardian, and he had attained the age of 21 years before Billings settled his accounts with the county court, and the portion of the funds to which the wards of Billings were entitled he had charged himself with as guardian; but that they were so held by him, it does not appear that the wards knew. This suit was brought to ascertain how they were held, the amount due to each of the appellees, and to enforce payment.

The allegations must be regarded as altogether sufficient to institute an investigation to ascertain in what character Billings held the funds and to uphold a judgment for the true amount when ascertained against Billings and his sureties respectively for the amount held by him as guardian against him as such and the surety on his guardian bond, and for the amount held by him as administrator, against him as such, with his surety on his administration bond, and so the judgment was rendered.

The facts stated in the affidavits filed by appellant for a rehearing of the case, if admitted, do not constitute a good defense to this action, for having charged himself as guardian with the funds, whatever disposition Billings may have made of them after that, could make no difference, his surety as guardian would be responsible to his wards; but whether or not Driesback would be responsible to appellant, if the money of the wards was put into the late firm of Billings & Driesback and used by that firm and Driesback knew at the time it was their money, is a question not made by the pleadings, and not before us for determination.

The allegations of the petition being sufficient to uphold the judgment, which is fully sustained by the evidence, it must be *affirmed*.

*Muir & Bijur, Gaertmell, for appellant.*
*T. W. Gibson, for appellee.*